

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00123-CR
_____

JULIAN DIXON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 361st District Court
Brazos County, Texas
Trial Court No. 19-02477-CRF-361

Before Morriss, C.J., Burgess and Stevens, JJ.

ORDER

Julian Dixon appeals from his convictions of assault on a public servant and the resulting sentences.[1] Pending before this Court is the State's motion to abate this matter to the trial court to determine if the appellate record is complete.

Since the State has raised an issue regarding the accuracy of the appellate record, we will submit this dispute to the trial court for resolution under Rule 34.6, subsections (e) and (f), of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.6(e), (f). We hereby abate this matter to the trial court to conduct an evidentiary hearing pursuant to Rule 34.6, subsections (e) and (f), for the purposes of (1) determining whether all portions of the record to which the parties are entitled have been accurately included in the appellate record and (2) identifying and correcting, if possible, any inaccuracies or deficiencies in the reporter's record.

We instruct the trial court to conduct an evidentiary hearing within thirty days of the date of this order and to enter findings regarding the following:

1. Precisely what portions of the record the State (or any other party) claims are missing or inaccurate;

2. For each error or omission identified in response to No. 1 above, whether the issue can be resolved by agreement as contemplated by Rule 34.6(e)(1) of the Texas Rules of Appellate Procedure;

---

[1] Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

3. If such error or omission can be corrected by agreement, then the trial court is instructed to take steps to ensure that the reporter's record is corrected in accordance with the parties' agreement;

4. If such error or omission cannot be corrected by agreement, then the trial court is instructed to take the steps outlined in Rule 34.6(e)(2) of the Texas Rules of Appellate Procedure to resolve the dispute and correct the record;

5. We also request that the trial court make any additional findings that it believes will be helpful to this Court in fully and finally resolving all issues related to the record in this matter.

The trial court's findings, as set forth above, shall be entered into the record of the case and filed with this Court as a supplemental clerk's record within twenty days of the date of the hearing. The reporter's record of the hearing and any certified corrections to the reporter's record under Rule 34.6(e)(2) shall be filed within twenty days of the date of the hearing.

All appellate timetables are stayed and will resume on our receipt of the supplemental record.

IT IS SO ORDERED.

BY THE COURT

Date: July 12, 2021